UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHELDON HARRIS,

                Petitioner,

    -against-

WILLIAM A. LEE,

                Defendant.

**ORDER**

14 Civ. 7501 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

    On January 5, 2021, this Court denied Petitioner Sheldon Harris's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Jan. 5, 2021 Order (Dkt. No. 40)) Harris has moved to reopen the time to file an appeal under Fed. R. App. P. 4(a)(6). (See Am. Motion (Dkt. No. 45)) For the reasons stated below, Harris's motion will be granted.

## BACKGROUND

    On July 21, 2021, Petitioner filed a "Motion to Reopen the Time to File an Appeal" under Fed. R. App. P. 4(a)(6). (July 21, 2021 Motion (Dkt. No. 41)) On that day, Petitioner filed a notice of appeal, and moved for a certificate of appealability, leave to proceed in forma pauperis on appeal, and for the appointment of pro bono counsel. (Dkt. No. 42) In a July 23, 2021 order, this Court ruled that "[a] certificate of appealability will not issue" under 28 U.S.C. § 2253(c), because Petitioner "has not 'made a substantial showing of the denial of a constitutional right.'" (July 23, 2021 Order (Dkt. No. 43))

    On June 1, 2022, the Second Circuit issued an order stating that Petitioner's notice of appeal was not timely filed, and remanding the case to this Court "to rule on

Appellant's request for an extension of time to file a notice of appeal or to reopen the time to appeal" under Fed. R. App. P. 4(a)(5)-(6).  (See Dkt. No. 44)

On June 10, 2022, Petitioner filed an amended motion to reopen under Fed. R. App. P. 4(a)(6).  (Am. Motion (Dkt. No. 45))  In his motion, Petitioner states that he never received notice of this Court's January 5, 2021 Order and that he only became aware of that order on July 17, 2021, "after being alerted to it's [sic] presence by another prisoner who stumbled upon [it]" on Westlaw.  (Id. ¶ 2; see also July 21, 2021 Motion (Dkt. No. 41))

## DISCUSSION

Pursuant to Fed. R. App. P. 4(a)(5)(A), a court may extend the time to file a notice of appeal when two conditions are met:  (1) the motion seeking an extension is made no later than 30 days after the expiration of the time prescribed by Rule 4(a) (here, 30 days after the judgment was entered); and (2) the party seeking an extension "shows excusable neglect or good cause."  Fed. R. App. P. 4(a)(5)(A).  No extension under Rule 4(a)(5) may exceed 30 days after the expiration of the time originally prescribed by Rule 4(a), or 14 days after the date when the order granting the motion is entered, whichever is later.  Fed. R. App. P. 4(a)(5)(C).[1]

Here, judgment was entered on June 4, 2021 – 150 days after the January 5, 2021 Order was issued.  See Fed. R. App. P. 4(a)(7).  The time to appeal thus expired on July 6, 2021.  Petitioner's original motion to reopen was filed on July 21, 2021 (see Dkt. No. 41); the original motion to reopen was thus timely filed under Rule 4(a)(5)(A).

Petitioner claims that he did not timely file his appeal within 30 days of entry of judgment because he never received notice of the Court's January 5, 2021 Order, and was only made aware of it through a fellow inmate's Westlaw research.  (July 21, 2021 Motion (Dkt. No.

---

[1] Although Petitioner has only requested relief under Fed. R. App. P. 4(a)(6), his pro se motion will be construed liberally to include a request for relief under Fed. R. App. P. 4(a)(5).

2

41); Am. Motion (Dkt. No. 45) ¶ 2)  This Court concludes that Petitioner has alleged facts that constitute good cause and excusable neglect for granting a motion pursuant to Rule 4(a)(5).[2]

## CONCLUSION

Petitioner is granted an extension of time to file a notice of appeal.  Any notice of appeal must be filed within fourteen days of this Order.  The Clerk of Court is directed to mail a copy of this Order and this Court's January 5, 2021 Order to pro se Petitioner.

Dated: New York, New York
July 13, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

---

[2]  Because the Court grants Petitioner relief under Fed. R. App. P. 4(a)(5), it need not reach the issue of whether such relief would be warranted under Fed. R. App. P. 4(a)(6).